### Gover v. Williams.

(Decided November 24, 1915.)

### Appeal from Lincoln Circuit Court.

Appeal and Error—Findings of Chancellor—Conclusiveness.— Where the evidence conflicts and the mind is left in doubt as to the truth, so that the Court of Appeals cannot determine with reasonable certainty that the chancellor erred, his findings will not be disturbed.

EMMET PURYEAR, J. S. OWSLEY and ROBERT HARDING for appellant.

P. M. M'ROBERTS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, B. G. Gover, rented from the defendant, Mrs. Bettie Williams, her farm, consisting of about 235 acres, located in Lincoln county, for the years 1910, 1911 and 1912. By an agreed judgment entered in the Lincoln Circuit Court, the rental contract was terminated and defendant given possession of her farm on December 31, 1911. Plaintiff brought this action against the defendant to recover the sum of $977.67, subject to a credit of $165.93. His petition is in eight paragraphs and each paragraph contains a number of items. Defendant filed an answer and counter-claim containing twenty-one para-

graphs, denying the allegations of the petition, and asking judgment on divers claims, aggregating $2,197.53, subject to a credit of $601.35, leaving due her an alleged balance of $1,596.18. The case was referred to the Master Commissioner to hear proof and settle the accounts between the parties. The commissioner made a report, to which plaintiff filed numerous exceptions. On the hearing by the chancellor, the exceptions were overruled and the report confirmed. Judgment was then entered in conformity with the report in favor of the defendant. Plaintiff appeals.

We have carefully considered the evidence. In every instance it is conflicting. With but few exceptions, plaintiff and defendant are the only witnesses, and he testifies one way while the defendant testifies the other. The case is one, therefore, where the commissioner and chancellor believed one witness rather than another. In cases where the evidence is conflicting and upon consideration of the whole case the mind is left in doubt, and this court cannot determine with reasonable certainty, that the chancellor has erred, it is our rule not to disturb his finding. Rawlings v. Fish, 151 Ky., 764, 152 S. W., 941; Wilson v. Ward, 151 Ky., 233, 151 S. W., 353; City of West Covington v. Dods, 152 Ky., 617, 153 S. W., 964. Clearly the case is one calling for the application of the above rule.

Judgment affirmed.